**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:                                              CASE NO.  11-10360

**KENNETH JOSEPH KINKADE**            SECTION "B"

      **DEBTOR**                                  CHAPTER 7

* * * *

**IRENE KINKADE**                              ADVERSARY NO.  11-1041
      **PLAINTIFF**

versus

**KENNETH JOSEPH KINKADE**
      **DEFENDANT(S)**

<u>**REASONS FOR ORDER**</u>

This adversary proceeding came before the court on a motion of the debtor for summary

judgment that a debt of $43,675, plus interest and costs, awarded by the state court to Irene

Porter Kincade ("Porter"), the debtor's ex-spouse, is a dischargeable debt.  Porter filed a cross-

motion asking the court for a summary judgment that a debt in the amount of $56,926.83 be

declared non-dischargeable.[1]  For the following reasons, the Court denies the debtor's motion for

a summary judgment, grants the summary judgment motion of Porter, and holds that the debt

reflected in the October 18, 2006 Judgment of the 24th Judicial District Court falls within the

exception to discharge provided by Section 523(a)(15) of the Bankruptcy Code.[2]

---

    [1]  Porter's brief states that $56,926.83 is the total amount owed under the judgment as of
May 12, 2011, which was the date this adversary complaint was filed.

    [2]  11 U.S.C. § 523(a)(15).

**FACTS AND PROCEDURAL HISTORY**

The debtor and Porter were married on May 30, 2004. Their marriage was of short

duration, as debtor filed suit in the 24th Judicial District Court for the Parish of Jefferson, State of

Louisiana (the state court proceedings) for divorce on September 3, 2004. Prior to the marriage,

Porter had lent $23,675 to the debtor for his separate business. During the short time of the

marriage, Porter lent the debtor another $200,000.00, which amount was not from community

funds.

On October 18, 2006, the state court entered a judgment that:

1.    The proceeds ($9,923.70) from the sale of a lot in St. Charles Parish were

      community property.

2.    The debtor owed Irene Porter $43,675.50 combined with legal interest from

      judicial demand and all costs subject to a credit of $600.

3.    If the $9,923.70 proceeds from the sale were located, they were to be awarded to

      Irene Porter and one-half ($4,961.85) should be credited to debtor's obligation to

      Irene Porter.[3]

After the debtor filed his answer on June 7, 2011 (P-7), the court held a pre-trial

conference at which the attorneys for both parties agreed that no facts, other than who had

received the $9,923.70 proceeds, were in dispute. It was agreed that they would–and they

did–file cross motions for summary judgment.

---

[3] This Court's Minute Entry Order of July 18, 2011 directed the parties to file a
stipulation to determine who received the $9,923.70. The parties filed on October 10, 2011 a
stipulation that Porter received the $9,923.70.

## ANALYSIS

### A.     JURISDICTION

As stated above, this matter is before the court on cross-motions to determine the

dischargeability of a specific debt or debts.  Matters concerning dischargeability of particular

debts, whether under § 523(a)(5) or (a)(15), are deemed to be core proceedings pursuant to 28

U.S.C. § 157(b)(2)(1).  As a core proceeding, this Court has jurisdictional authority to enter a

final order in the matter.[4]

### B.     STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate only "if there is no genuine dispute as to any material

fact  and the moving party is entitled to judgment as a matter of law."[5]  All inferences drawn

from the underlying facts must be viewed in the light most favorable to the non-moving party.[6]

The parties have stipulated as to the material facts, leaving only a legal issue that is

appropriate for determination by summary judgment.[7]

### C.     POSITION OF THE PARTIES

The debtor's motion for summary judgment asks the court to determine that the debt of

$43,675.50 that he owes to Porter under the state court judgment is dischargeable because it is

---

[4] 28 U.S.C. § 157(b)(1).

[5]  Fed. R. Bankr. R. 7056 ("Fed. R. Civ. P. Rule 56 applies in adversary proceedings").

[6]  *Hawking v. Ford Motor Credit Co.*, 210 F.3d 540, 545 (5th Cir. 2000).

[7] *In re Young*, 425 B.R. 811, 813 (Bankr. E.D. Tex. 2010) (where parties stipulate in
pleadings that there is no factual issue, "summary judgment is particularly appropriate"); *In re
Hopkins*, 131 B.R. 308 (Bankr. W.D. Tex. 1991) ("[t]he parties have submitted this matter on
stipulated facts; thus its resolution relied solely upon legal issues and is ripe for determination
[on summary judgment]").

not a marital debt as defined by § 523(a)(15).  Porter, the plaintiff in this adversary proceeding,

asks for a summary judgment that the judicial amount of $43,675.50 is exempted from discharge

pursuant to§ 523(a)(5) and (a)(15) (page 2 of motion and memorandum of plaintiff) and her

prayer on summary judgment is for $56,926.83 to be declared non-dischargeable.[8]

Section 523(a)(5) provides an exception to discharge of a debt ". . .for a domestic support

obligation."

Section 523(a)(15) provides an exception to discharge for a debt

> . . . to a spouse, former spouse, or child of the debtor and not of the
> kind described in paragraph (5) that is incurred by the debtor in the
> course of a divorce or separation or in connection with a separation
> agreement, divorce decree or other order of a court of record, or a
> determination made in accordance with State or territorial law by a
> governmental unit.

### 1.      The debtor's argument

The debtor argues that (a) the bankruptcy court has final authority to determine

dischargeability of a debt; (b) § 523(a)(15) deals with marital property; and (c) the state matter

represented a proper accumulation of separate actions under Louisiana Civil Code Procedure

Article 462.  From these uncontested statements, debtor concludes that $43,675.50 is

dischargeable because it is not a "marital debt;" evidently this is because that amount was not a

community debt.

There is no authority cited to support the debtor's conclusion, so the court rejects it.  In

determining whether a debt is non-dischargeable under § 523(a)(5) or § 523(a)(15), it does not

matter  whether the debt was a community debt or a separate debt.  Under § 523(a)(5) it need

---

[8] As stated earlier, the $56,926.83 amount includes Porter's calculation of interest and costs as of May 12, 2011.

only be a "domestic support obligation;" under § 523(a)(15) it needs to "be incurred by the

debtor in the course of a divorce or separation."   The state court proceedings were undoubtedly

separation or divorce proceedings, so this debt fits squarely within the clear language of §

523(a)(15). Therefore, the court denies the debtor's motion for a summary judgment.

### 2.      Porter's Argument

Porter asks for relief under <u>both</u> (a)(5) and (a)(15).  Relief is not available under both

subsections.  Subsection (a)(15) was enacted in 1994 to cover debts not covered by subsection

(a)(5); it was substantially amended by BAPCPA to eliminate two affirmative defenses available

to the debtor under the 1994 version.[9]   Various courts have held that to succeed under section

(a)(15), a plaintiff bears the burden of proving three elements: (1) the debt in question is to a

spouse, a former spouse or child; (2) the debt is not a support obligation of the type described in

§ 523(a)(5); and (3) the obligation was incurred in a separation  agreement, a divorce decree or

other order of a court of record.[10]

It is clear from the stipulated facts and the state court judgment that Porter has carried her

burden of proof as to each of these three elements:

1.      It is agreed by both parties that Porter was the spouse of the debtor and is now the

        former spouse.

2.      The debt is not a support obligation.

---

[9] Alan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy ¶ 523.23 (16th ed. 2010).

[10]   *In re Lewis*, 423 B.R. 742 (Bankr. W.D. Mich. 2010); *In re Monastra*, 2010 WL 3937354, slip. Op. At 3 (Bankr. E.D. Pa. 2010); *In re Holmes*, 2009 W.L. 1586792 (Bankr. N.D. Oh. 2009); citing *In re Williams*, 398 B.R. 464, 468 (Bankr. N.D. Oh. 2008)

3.      The obligation was incurred in the separation/divorce proceedings in state court

as set forth in the judgment of October 18, 2006.

## CONCLUSION

For the foregoing reasons, Irene Porter's motion for summary judgment is granted.  A

separate order will be entered decreeing that the debts of debtor to Porter as set forth in the state

court judgment of October 18, 2006 are non-dischargeable pursuant to § 523(a)(15).

New Orleans, Louisiana, November 21, 2011.

Jerry A. Brown
U.S. Bankruptcy Judge